## Case No. 1,656.

### BORDEN v. MANCHESTER.

[4 Mason, 112.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1825.

#### GRANT OF HIGHWAYS BY PROPRIETORS.

The grant of the proprietors of land to a town of all the proprietors' ways, called highways, conveys only such ways as are in existence at the time, and not such as the proprietors reserved a right to lay out, but never laid out.

At law. Trespass quare clausum fregit, and cutting trees, &c. [by Thomas Borden

---

[1] [Reported by William P. Mason, Esq.]

against Benjamin Manchester]. Plea as to force and arms and part of trees, not guilty: 2. As to the residue, that the locus in quo was a highway reserved by proprietors of Pocasset, and granted by them to the town of Tiverton, and the trees on the same were sold by order of the town, &c. Replication de sua injuria, &c. [A verdict was given for plaintiff.]

At the trial a vote of the proprietors of Pocasset, in 1681, was produced, authorizing certain highways to be laid out; and a return of a committee laying out certain highways. The proprietors, in 1773, passed the following vote: "The proprietors of Pocasset Purchase surrender up all their right and title to all said proprietors' ways, called highways, to the town of Tiverton, and for the good of the public, that is to say, within the limits of the town of Tiverton." It did not appear from the records, that any highway had ever been laid out, by the proprietors, over the land in controversy, although the land had been reserved originally for that purpose. There had been, however, a way de facto, for many years existing through the land so reserved, but it did not pass over the land now in controversy, but to the south of it. The way had been latterly altered and straightened, and in such alteration was made to pass over the plaintiff's land; but the alteration had not been made by any legal authority. Upon these facts

Pearce & Searle, for plaintiff, contended, that the facts were not made out.

Bridgham & Hazard, for defendant, contended contra.

STORY, Circuit Justice. I am of opinion that the plaintiff is entitled to a verdict. The proprietors' vote, in 1773, applied only to highways then in existence, and not to such as were in posse, under the vote in 1681; the right to lay out which was reserved by the proprietors, but which were never in fact laid out. The evidence of long use of a particular way might perhaps be sufficient to authorize a presumption, that the way so used was afterwards laid out, although no record of it can be found. But the main difficulty will still remain, for the locus in quo is not within the limits of that way, which has been altered, and a new way laid over the plaintiff's land without authority. Verdict for plaintiff.

—————

BORDEN (SICKELS v.).  See Cases Nos. 12,-832 and 12,833.

BORDEN (UNITED STATES v.).  See Case No. 14,625.

BORDEN, The HOLDER.  See Case No. 6,-600.

BORDENTOWN, The.  See Case No. 12,180.